COOLEY LLP
HEIDI L. KEEFE (178960)
(hkeefe@cooley.com)
LOWELL D. MEAD (223989)
(lmead@cooley.com)
BENJAMIN S. LIN (232735)
(blin@cooley.com)
3175 Hanover Street
Palo Alto, California 94304-1130
Telephone: +1 650 843 5000
Facsimile: +1 650 849 7400

Attorneys for Defendant
Apple Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ONE-E-WAY, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC., a California Corporation,<br><br>Defendant. | Case No. 2:20-CV-06339-JAK-PDA<br><br>**DECLARATION OF LOWELL D. MEAD IN SUPPORT OF APPLE INC.'S MOTION TO STRIKE ONE-E-WAY'S INFRINGEMENT CONTENTIONS AND TO COMPEL SERVICE OF AMENDED INFRINGEMENT CONTENTIONS**<br><br>Date:      November 9, 2020<br>Time:      8:30AM<br>Honorable John A. Kronstadt<br><br>Scheduling Conference:<br>Date:      November 16, 2020<br>Time:      1:30PM |

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

DECLARATION OF LOWELL D. MEAD IN
SUPPORT OF APPLE'S MOTION TO STRIKE
2:20-CV-06339-JAK-PD

I, Lowell D. Mead, declare:

1. I am a partner with Cooley LLP, counsel in this action for Defendant Apple Inc. ("Apple"). I submit this declaration in support of Defendant Apple Inc.'s Motion to Strike One-E-Way's Infringement Contentions and to Compel Service of Amended Infringement Contentions. I have personal knowledge of the facts contained within this declaration, and if called as a witness, could testify competently to the matters contained herein.

2. On September 28, 2020, I participated in a telephonic meet and confer between counsel for Apple and counsel for One-E-Way, Inc. ("OEW"). Heidi Keefe, Phil Morton, and myself participated on behalf of Apple. Douglas Muehlhauser and Payson LeMeilleur participated on behalf of OEW. We discussed issues including Apple's proposal to request postponement of the case management conference and deficiencies in OEW's Infringement Contentions that were raised in Apple's September 22, 2020 correspondence. Counsel for OEW confirmed that OEW would not agree to voluntarily amend its Infringement Contentions. The parties nevertheless discussed in detail numerous deficiencies Apple had raised regarding OEW's Infringement Contentions, but counsel for OEW declined to agree to any amendment of OEW's Infringement Contentions. Counsel for OEW acknowledged that there are elements of OEW's asserted patent claims that are not required by or addressed by Bluetooth specifications. Counsel for OEW indicated that OEW had not performed an inspection of Apple products for the purpose of investigating infringement. Counsel for OEW indicated that there were claim elements for which it expected to obtain discovery from Apple in order to determine whether or not there was a basis to assert infringement.

3. In correspondence dated October 2, 2020 (attached hereto as Exhibit E), counsel for OEW stated: "We note at the outset that the only relief discussed during the parties' September 28, 2020 call was Apple's desire to have 60 extra days to serve its S.P.R. 2.5 and 2.6 disclosures. Apple mentioned nothing about any other relief

during the call; thus no meet and confer was conducted (or requested) about any other potential relief." These statements are not correct. During the September 28, 2020 teleconference, counsel for the parties discussed in detail OEW's Infringement Contentions, which were the subject of Apple's September 22, 2020 correspondence, and reached impasse. Specifically, counsel for OEW declined Apple's request that OEW amend its Infringement Contentions, and confirmed that OEW would not voluntarily amend its Infringement Contentions in any respect. OEW subsequently reiterated in correspondence (attached hereto as Exhibits C and E) that OEW would not voluntarily amend its Infringement Contentions in any respect.

4. Attached hereto as **Exhibit A** is a true and correct copy of One-E-Way's Disclosure Of Asserted Claims And Infringement Contentions And Accompanying Documents Pursuant To S.P.R. 2.1 And 2.2 dated September 15, 2020, with page numbers added to the lower right portion of each page for reference.

5. Attached hereto as **Exhibit B** is a true and correct copy of correspondence from Apple to OEW dated September 22, 2020.

6. Attached hereto as **Exhibit C** is a true and correct copy of correspondence from OEW to Apple dated September 29, 2020.

7. Attached hereto as **Exhibit D** is a true and correct copy of correspondence from Apple to OEW dated October 1, 2020.

8. Attached hereto as **Exhibit E** is a true and correct copy of correspondence from OEW to Apple dated October 2, 2020.

9. Attached hereto as **Exhibit F** is a true and correct copy of Order No. 12: Construing Terms of the Asserted Patents, dated July 24, 2015, from *In re Certain Wireless Headsets*, USITC Inv. No. 337-TA-943.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

| | | |
|---|---|---|
| Dated: | October 7, 2020 | By: /s/ *Lowell D. Mead* |

 LOWELL D. MEAD (223989)
 (lmead@cooley.com)
 COOLEY LLP
 3175 Hanover Street
 Palo Alto, California 94304-1130
 Telephone: +1 650 843 5000
 Facsimile: +1 650 849 7400

*Attorney for Defendant*
*Apple Inc.*

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

4

DECLARATION OF LOWELL D. MEAD IN
SUPPORT OF APPLE'S MOTION TO STRIKE
2:20-CV-06339-JAK-PD