# EXHIBIT B



Heidi L. Keefe                                                                                                    Via Email
T: +1 650 843 5001
hkeefe@cooley.com

September 22, 2020

Douglas G. Muehlhauser
doug.muehlhauser@knobbe.com
Knobbe, Martens, Olson & Bear, LLP
2040 Main Street, 14th Floor
Irvine, CA 92614

**Re:**     ***One-E-Way, Inc. v. Apple Inc.*, Case No. 2:20-cv-06339-JSK-PD (C.D. Cal.)**

Dear Mr. Muehlhauser:

We write on behalf of Apple Inc. ("Apple") regarding material and prejudicial deficiencies in the infringement contentions and related disclosures served by One-E-Way, Inc. ("One-E-Way").

As a general issue of overarching concern, One-E-Way's infringement contentions appear to have been slapped together with little, if any, diligent investigation regarding specific Apple products that are allegedly accused of infringement.  For example, One-E-Way accuses general product classes such as "iPods," "iPhones," and "iPads," but various different iPod, iPhone, and iPad models have been released since 2001, 2007, and 2010 respectively—long before any potential infringement and damages claims in this case. There is no indication that One-E-Way even examined every product that it purports to accuse of infringement, let alone conducted a thorough investigation into any allegedly infringing components and features of those products.

One-E-Way's claim charts similarly fail to provide full and fair notice of any infringement theory as the Patent Rules require.  The charts provide little more than repeated copying and pasting from sections of the standards documentation for one version of Bluetooth along with a few vague and uninformative narrative statements.

To make matters worse, after One-E-Way's complaint alleged that it has practiced its patents by selling its "patented wireless audio products" and its websites claim that it practiced its patents, One-E-Way's infringement contentions act as if One-E-Way never practiced its patents, providing no responsive disclosure as required under S.P.R. 2.1.5 and 2.2.3.  One-E-Way cannot have it both ways, proclaiming in its pleadings that it practices its products but then withholding the required discovery.

The Patent Local Rules set forth specific requirements that have not been satisfied here, which materially prejudices Apple's defense of this case and preparation of responsive discovery.  Please promptly attend to the issues discussed below.

**<u>Deficient Disclosure Regarding Accused Instrumentalities – S.P.R. 2.1.2.</u>**

One-E-Way's disclosure fails to comply with Patent Rule 2.1.2 which requires that the identification of accused instrumentalities "<u>shall be as specific as reasonably possible.</u>"

One-E-Way's contentions list a number of products without specifically identifying each accused product. It identifies product lines including "AirPods, AirPods Pro, HomePod, iPhone, iPad, iPod, and Apple Watch"



Douglas G. Muehlhauser
September 22, 2020
Page Two

and a number of Beats branded product lines, but fails to identify which specific models and releases of each product it accuses. For example, we trust that One-E-Way did not intend to accuse the original iPod introduced in 2001, the original iPhone introduced in 2007, or the original iPad introduced in 2010 but One-E-Way's deficient contentions as stated would arguably encompass those products and many more. The deficiency is compounded by the reference in One-E-Way's claim charts to W1 and H1 chips, which are not present in all "Accused Receiver Devices."

As noted previously, the slipshod nature of One-E-Way's accusations appears to signal a deeper underlying problem with an apparent lack of diligent investigation regarding each accused product. For example, please let us know the basis for accusing Homepod products of infringement with respect to Bluetooth audio capabilities.

One-E-Way's generic statement that it "also identifies any prior or subsequent commercial iteration of the product if that product was/is capable of wirelessly transmitting or receiving audio data using Bluetooth connectivity in the manner set forth in the S.P.R. 2.1.3 disclosure" also fails to comply with the letter and spirit of Patent Rule 2.1.2. One-E-Way should have conducted a diligent investigation to determine, and specifically identify, the specific products it accuses of infringement in this action.

This is a serious deficiency that is prejudicing Apple's ability to prepare responsive disclosures and discovery.

**Deficient Disclosure Regarding Accused Claim Elements – S.P.R. 2.1.3.**

One-E-Way's disclosure fails to comply with Patent Rule 2.1.3 which requires claim charts that identify "specifically where each limitation of each asserted claim is found within each Accused Instrumentality."

One-E-Way's claim charts are riddled with deficiencies that fail to provide fair notice of any specific infringement theory and materially prejudice Apple's defense. We recognize that One-E-Way does not yet have confidential discovery, but its contentions fall far short of the Patent Rule requirements based on the extensive public information available to One-E-Way, including public Bluetooth specifications as well as the Apple products which can be acquired and inspected.

The following key deficiencies should be addressed without delay. These are not intended to be an exhaustive identification of every deficiency in One-E-Way's 126-page contentions documentation that we continue to review and analyze.

1. "Receiver" limitations (e.g., "a portable digital audio headphone receiver"). One-E-Way's claim charts fail to identify any specific accused "receiver" for each accused product. The charts state that "[e]ach Accused Receiver Device is a digital audio spread spectrum receiver" but fail to specify whether the entirety of each accused product is accused as the "receiver" as opposed to portion(s) or component(s) of each product. For example, AirPods products include two earbuds and a case, but One-E-Way's contentions only vaguely and ambiguously raise a nonsensical suggestion that "AirPods" is a receiver. One-E-Way had ample public access to acquire and inspect every product it sought to accuse of infringement, and should have identified each accused "receiver" with reasonable specificity.

2. "Transmitter" and "audio player" limitations (e.g., "a wireless digital coded audio spread spectrum transmitter coupled to a portable audio player"). One-E-Way's claim charts fail to identify specifically what is the accused "transmitter" that is allegedly coupled to a portable audio player. The charts state, for example, that "[e]ach Accused Transmitter Device is a digital audio spread

# Cooley

Douglas G. Muehlhauser
September 22, 2020
Page Three

spectrum transmitter" without explaining whether the entirety of each accused product is accused as the "transmitter" as opposed to portion(s) or component(s) of each product, nor do the charts identify any coupling of any such transmitter device to a portable audio player. For example, One-E-Way's contentions vaguely suggest that one or more unspecified iPhone model(s) are accused "transmitter" products but fail to identify both a "transmitter" and a coupled "portable audio player" with respect to any iPhone product.

3.  Bluetooth standard-related accusations. Nearly all of One-E-Way's claim chart contents consist of little more than block-quoted excerpts from a single Bluetooth Specification, version 5.0. The charts fail to identify any specific accused or relevant aspects of any other version of Bluetooth, and as such do not raise or preserve any infringement assertion in that regard. The Patent Rule requirements are not satisfied in this instance by One-E-Way's suggestion that "each citation to Bluetooth 5.0 should be understood to also refer to the corresponding sections in each Bluetooth specification from version 2.1 onward, such as Bluetooth specification 4.0, 4.1 and 4.2."

4.  "Unique user code" limitations. One-E-Way's claim charts only block-quote from sections of the Bluetooth 5.0 specification that discuss various different access codes, device address identifiers, and other information. The charts fail to identify any specific accused "unique user code" from among the various information stated in the Bluetooth specification. The failure to specifically identify any specific accused "unique user code" is further exacerbated for other claim elements that recite the use of the "unique user code" where One-E-Way's charts fails to specify what particular code or information is accused as the "unique user code."

5.  "Direct conversion module" limitations. One-E-Way's claim charts fail to identify any alleged "direct conversion module" in any accused product. The charts state that "Apple promotes the low power consumption characteristics of the accused devices," but that generic statement does not identify any specific accused "direct conversion module" in any product. To the extent One-E-Way had any good faith basis for alleging that any accused products contain this limitation, the specific basis for its accusation should be disclosed.

6.  "Original audio signal representation" limitations. One-E-Way's claim charts fail to identify any specific "original audio signal representation" as claimed. For example, the charts merely generally suggest that a product receives "audio data" but fail to identify what specifically constitutes the required "original audio signal representation."

7.  "Transmitter" and "receiver" communication limitations. For claim recitations directed to a receiver configured to communicate with a transmitter, One-E-Way's claim charts fail to specify the "transmitter" (e.g., "mobile digital audio transmitter") allegedly satisfying the claims. The claim charts only generally state, for example, that a receiver device "through Bluetooth connectivity, is designed to work with a mobile transmitter implementing Bluetooth connectivity" but do not identify any such mobile transmitter. Similarly, for claim recitations regarding a transmitter configured to communicate with a receiver, the claim charts deficiently state only that a transmitter device "through Bluetooth connectivity, is designed to work with a portable receiver implementing Bluetooth connectivity" without identifying any such portable receiver.

8.  "Direct" / "directly" communication limitations. For claims that recite "direct" digital wireless communication and similar recitations such as a receiver configured to be "directly communicable" with a transmitter, One-E-Way's claim charts fail to specifically identify any such "direct" or "directly communicable" communication operation. One-E-Way's charts generally suggest that

# Cooley

Douglas G. Muehlhauser
September 22, 2020
Page Four

communication may occur, but are silent on any alleged "direct" or "directly communicable" aspects of the communication.

9. <u>"Independent" CDMA communication limitations.</u>  One-E-Way's claim charts fail to specifically identify any alleged configuration for "independent" CDMA communication operation.  The charts point to Bluetooth-related documentation regarding CDMA and frequency hopping, for example, but the charts are silent as to where specifically any accused product allegedly satisfies the accused "independent" CDMA operation.

10. <u>"Interference" related limitations.</u>  One-E-Way's claim charts fail to specify precisely what One-E-Way accuses for limitations regarding alleged reduction of intersymbol interference, audio transmission "virtually free from interference," and similar recitations.  In some instances, the claim charts merely copy and paste a section from the Bluetooth 5.0 specification without making clear what aspect of the quoted text is purportedly accused as satisfying the claim limitation.  In other instances, the claim charts are silent on the recited limitation (for example, the limitation of "virtually free from interference").

11. <u>Receiver configured for communication with "only" a specified transmitter.</u>  For claim limitations reciting a receiver configured to use CDMA communication and a unique user code "to communicate with only said spread spectrum transmitter during a wireless connection," the claim charts fail to identify where (if anywhere) the claim limitation is allegedly present in any accused product.  Nothing in the charts identifies specifically where any accused communication configuration is to communicate with only a specified transmitter during a wireless transmission.

12. <u>Device and component configurations.</u>  For claim limitations requiring a device or component "configured" to perform a recited function, the claim charts fail to specify where any such configuration is actually found within each accused product.  Merely pointing to block-quotes from Bluetooth specification documentation does not necessarily provide any indication of actual product configurations for each specific accused product.

These significant deficiencies are also further materially prejudicing Apple's ability to prepare responsive disclosures and discovery.

To the extent One-E-Way desires to proceed with an infringement theory in this case, its infringement contentions, including its specific identification of accused products and its claim charts, would need a substantial overhaul to bring them into compliance with rules 2.1.2 and 2.1.3 of the Patent Rules.

Although there is no apparent good cause for One-E-Way to amend its contentions at this time, as a compromise, so long as the case schedule is set appropriately to mitigate the substantial prejudice to Apple (such as the 60-day extension we recently proposed), Apple would be willing to accept supplemental contentions that remedy the deficiencies identified above as soon as reasonably practicable, no later than 2 weeks from today.

**Deficient Disclosure Regarding Practicing the Claimed Invention – S.P.R. 2.1.5 and 2.2.3.**

Patent Rule 2.1.5 required One-E-Way to provide a specific disclosure in the event that One-E-Way "wishes to preserve the right to rely, <u>for any purpose</u>, on the assertion that its own apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention."  Patent Rule 2.2.3 required One-E-Way to produce associated documentation regarding any allegedly practicing products.



Douglas G. Muehlhauser
September 22, 2020
Page Five

One-E-Way's complaint and websites proclaim that One-E-Way has practiced its patents by selling "patented" wireless audio products.  However, One-E-Way's infringement contentions take a very different tack, withholding the required discovery regarding One-E-Way's alleged practicing of its products.

Specifically, One-E-Way states that "One-E-Way does not intend to rely on its own products practicing any of the Asserted Claims <u>to prove infringement</u>."  The rules, however, required the necessary disclosures in the event that One-E-Way desired to preserve the right to rely on practicing its patents "for any purpose."

To the extent One-E-Way ever wishes to rely, for any purpose in this case, on an assertion that it has practiced any of the asserted patents or asserted claims, then One-E-Way needed to timely provide the necessary disclosures with its infringement contentions.  This disclosure requirement is "now or never" in that regard.  Please provide all of the necessary disclosures immediately, or One-E-Way will have forever waived any reliance on any assertion that it has practiced any of the asserted claims for any purpose in this case.

**<u>Deficient Production Regarding Patent Ownership – S.P.R. 2.2.2.</u>**

Patent Rule 2.2.2 required One-E-Way to produce: "<u>All</u> documents evidencing ownership of the patent rights by the party asserting patent infringement."  It appears that One-E-Way produced only a selective and partial disclosure of documents relating to ownership of rights in the patents-in-suit.  For example, the documents reference a security interest that was conveyed to 1624 O LLC but the production does not include all documentation relating to that security interest and any full or partial release thereof. OEW_APPLE-008915-8917.  Please promptly supplement One-E-Way's production to produce all documents evidencing ownership of rights in the patents-in-suit.

Please provide One-E-Way's response to the foregoing issues by the end of this week.  We can also be available to meet and confer at your convenience as needed.

Sincerely,

*/s/ Heidi L. Keefe*

Heidi L. Keefe