# EXHIBIT D



Heidi L. Keefe  
T: +1 650 843 5001  
hkeefe@cooley.com

Via Email

October 1, 2020

Douglas G. Muehlhauser  
doug.muehlhauser@knobbe.com  
Knobbe, Martens, Olson & Bear, LLP  
2040 Main Street, 14th Floor  
Irvine, CA 92614

Re:   *One-E-Way, Inc. v. Apple Inc.*, Case No. 2:20-cv-06339-JSK-PD (C.D. Cal.)

Dear Mr. Muehlhauser:

Thank you for meeting and conferring with us on September 28, 2020 and thank you for your September 29, 2020 letter in response to my September 22, 2020 letter regarding One-E-Way's September 15, 2020 infringement contentions.

It is disappointing that One-E-Way declined Apple's offer to accept supplemental infringement contentions as a cooperative way to resolve the many prejudicial deficiencies in the contentions without burdening the Court with motion practice.  However, we do appreciate One-E-Way confirming that it refuses to supplement its contentions to remedy the deficiencies.  As discussed during our meet and confer, in view of One-E-Way's refusal, Apple has no choice but to seek relief from the Court to resolve the parties' impasse.

As a courtesy, the following responds to your September 29, 2020 letter.

**Deficient Disclosure Regarding Accused Instrumentalities – S.P.R. 2.1.2.**

During our meet and confer teleconference, One-E-Way suggested that it never undertook an investigation to determine which specific Apple product models to accuse of infringement and never conducted a physical inspection of any accused product.  Your September 29, 2020 letter confirms that One-E-Way and its counsel never undertook an investigation to determine which specific Apple product models to accuse of infringement and never conducted a physical inspection of any accused product as part of an investigation to determine whether or not any alleged infringement has occurred.

Your letter indicates that sometime after receiving Apple's September 22, 2020 letter, One-E-Way searched online to compile a list of scores of product models that it believes might use "Bluetooth protocols."  The vast majority of those product models are not identified in One-E-Way's infringement contentions, let alone specifically addressed in One-E-Way's infringement contentions claim charts, and are therefore not at issue in this case.

**Deficient Disclosure Regarding Accused Claim Elements – S.P.R. 2.1.3.**

One-E-Way's letter does not provide a good faith response regarding the deficiencies Apple identified.  As a general matter, your letter ignores the fact that it was One-E-Way's obligation to develop and disclose its infringement contentions as required by the Patent Local Rules and the Court's orders, not Apple's obligation to help One-E-Way attempt to find a basis for an infringement theory.

# Cooley

Douglas G. Muehlhauser
October 1, 2020
Page Two

Furthermore, as One-E-Way acknowledged during our meet and confer, the asserted claims contain limitations that are not addressed or required by published Bluetooth specifications. As One-E-Way admits, a mere reference to "Bluetooth" in an online product description does not entail that the product allegedly infringes or fits any infringement theory. But One-E-Way apparently did not perform an investigation to determine whether or not any Apple products allegedly infringe. Instead, One-E-Way is improperly attempting to use vague and deficient contentions to conduct a fishing expedition in discovery. Moreover, where One-E-Way's contentions rely on citations to a published Bluetooth specification, its contentions are evasive and uninformative, and One-E-Way's letter only makes the problems worse. Since One-E-Way refused to engage cooperatively in good faith, Apple has no choice but to seek relief from the Court.

1. "Receiver" limitations (e.g., "a portable digital audio headphone receiver"). Your letter ignores the deficiency Apple raised. As explained in Apple's September 22, 2020 letter, numerous accused products involve multiple separate physical pieces or components, but One-E-Way's contentions failed to specifically identify any accused "receiver." For example, AirPods products include two separate earbuds and a case, but One-E-Way's contentions only raise a nonsensical suggestion that "AirPods" "is a digital audio spread spectrum receiver."

2. "Transmitter" and "audio player" limitations (e.g., "a wireless digital coded audio spread spectrum transmitter coupled to a portable audio player"). As explained in Apple's September 22, 2020 letter, the applicable claims recite a "transmitter" that is "coupled to" a "portable audio player" but One-E-Way's contentions do not identify specifically what is the accused "transmitter" and what is the "portable audio player" coupled to the transmitter. Your letter ignores the deficiency Apple raised and nonsensically suggests that an entire iPhone itself is somehow both the accused "transmitter" and the accused "portable audio player" somehow "coupled to" itself.

3. Bluetooth standard-related accusations. Your letter confirms that One-E-Way could have cited specific Bluetooth standard sections for versions prior to version 5.0, but failed to do so. We appreciate One-E-Way's confirmation that One-E-Way waives any accusation of infringement against any version of Bluetooth prior to version 5.0.

4. "Unique user code" limitations. As stated in Apple's September 22, 2020 letter, One-E-Way's infringement contentions fail to identify any specific accused "unique user code" from among the various information stated in the Bluetooth specification. Your letter only exacerbates the deficiency, indicating only "for example" that "at least" some information might be accused.

5. "Direct conversion module" limitations. One-E-Way's claim charts fail to identify any alleged "direct conversion module" in any accused product. As you know, not all receivers require a "direct" conversion module as claimed, nor does anything cited in the Bluetooth specification. As One-E-Way's counsel acknowledged during our call, this element and other claim elements are not required or specified by the cited Bluetooth specification. Your letter further confirms, as suggested during our call, that One-E-Way and its counsel have never performed any investigation to determine whether or not these limitations are present in any Apple product, nor have One-E-Way and its counsel ever disclosed any good faith basis to believe that these limitations are found in any Apple product. Apple reserves the right to seek appropriate relief.

6. "Original audio signal representation" limitations. One-E-Way's claim charts fail to identify any specific "original audio signal representation" as claimed. Your letter does not do so either.



Douglas G. Muehlhauser
October 1, 2020
Page Three

7. <u>"Transmitter" and "receiver" communication limitations.</u>  One-E-Way's claim charts fail to specify any "transmitter" or "receiver" that satisfies the applicable claim limitations as explained in Apple's September 22, 2020 letter.  Your letter does not do so either.

8. <u>"Direct" / "directly" communication limitations</u>.  Your letter vaguely states that some unspecified "aspects of the Bluetooth specification" allegedly correspond to the claim requirements for "direct" / "directly communicable" communications, but One-E-Way's contentions fail to specifically identify those purported aspects.

9. <u>"Independent" CDMA communication limitations.</u>  Your letter vaguely suggests that some unspecified portions of the cited Bluetooth specification may relate to this limitation, but One-E-Way's contentions do not provide the specific identification required by the Patent Local Rules.

10. <u>"Interference" related limitations.</u>  Again, One-E-Way's claim charts are either insufficiently specific or completely silent as to the required disclosures, and your letter does not identify any disclosure to the contrary.

11. <u>Receiver configured for communication with "only" a specified transmitter.</u>  For this limitation your letter points to "the unique user code," which only exacerbates the deficiency since One-E-Way refused to identify a specific accused "unique user code."

12. <u>Device and component configurations.</u>  It is now clear that because One-E-Way and its counsel never investigated any Apple products to determine whether or not they infringe any claims, One-E-Way had no information to offer regarding any accused product configurations.

**<u>Deficient Disclosure Regarding Practicing the Claimed Invention – S.P.R. 2.1.5 and 2.2.3.</u>**

As explained in Apple's September 22, 2020 letter, by failing to provide any disclosure as required by Local Patent Rule 2.1.5, One-E-Way waived "the right to rely, <u>for any purpose</u>, on the assertion that its own apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention."  Since One-E-Way refused to engage in good faith on this point, Apple will seek relief from the Court.

Again, thank you for your letter and for speaking with us.  In the event that One-E-Way reconsiders its refusal to promptly serve supplemental infringement contentions that remedy the identified deficiencies, please let us know.

Sincerely,

*/s/ Heidi L. Keefe*

Heidi L. Keefe