# EXHIBIT E

# Knobbe Martens

KNOBBE, MARTENS, OLSON & BEAR, LLP

2040 Main St., 14th Fl., Irvine, CA 92614
**T** (949) 760-0404

Douglas G. Muehlhauser
Doug.Muehlhauser@knobbe.com

October 2, 2020

Heidi L. Keefe
Cooley LLP
3175 Hanover Street
Palo Alto, CA  94304-1130

Re:   *One-E-Way, Inc.,* Case No. 2:20-cv-06339-JSK-PD (C.D. Cal.)
      Our Reference No.:  1EWAYL.003L

Dear Heidi:

    I write in response to your October 1, 2020 letter regarding Apple's intention to file a motion apparently seeking several forms of relief.  We note at the outset that the only relief discussed during the parties' September 28, 2020 call was Apple's desire to have 60 extra days to serve its S.P.R. 2.5 and 2.6 disclosures.  Apple mentioned nothing about any other relief during the call; thus no meet and confer was conducted (or requested) about any other potential relief.  Your letter also fails to mention OEW's offer to Apple, as a courtesy, of an additional 11 days, which Apple has rejected in favor of motion practice.  We also note that your October 1, 2020 letter does not specify what number of days its motion will request.  Please advise if that number is anything other than the 60 days that Apple has previously identified.

    OEW disagrees with your characterization that OEW refuses to supplement its infringement contentions, which mistakenly presumes supplementation is warranted.  We explained to you at length why it is not.  To the extent Apple persists in filing a motion based on alleged deficiencies in OEW's infringement contentions, we will be happy to explain to the Court why Apple is not correct.

    We also continue to disagree that Apple does not have notice of what products OEW considers to be at issue in this case, and we note that the self-serving characterizations of this issue in your letter are simply incorrect.  As you are aware, OEW listed accused products in its September 29, 2020 letter to demonstrate how straightforward identification of the products was for Apple – notwithstanding the fact that Apple through discovery must confirm the identity of all such products.  Again, we will be happy to brief this issue if Apple continues to feign befuddlement about which of its own Bluetooth compatible products within the identified product lines it has sold in the U.S. since August 2014.

    With regard to your comments about what you contend to be specific deficiencies in OEW's infringement contentions, Apple's allegations ring hollow.  You have conspicuously avoided responding to OEW's requests to state whether any of the accused products do <u>not</u> practice the Bluetooth standard

# Knobbe Martens

Page 2

despite Apple's widespread, public assertions to the contrary. Of course this means that all of the accused products practice all of the features and functions that OEW's claim charts attribute to the accused products. We look forward to explaining all of this to the Court if Apple goes forward with its motion.

Finally, you allege that OEW "refused to engage in good faith" regarding disclosure under S.P.R. 2.1.5 and 2.2.3. First, we note you never raised any such issue during our call, thus there has been no meet and confer. Second, my September 29 letter to you specifically sought clarification on what Apple alleges OEW supposedly waived. You completely ignored those questions. Your statement that OEW has refused to engage in good faith is insupportable. That Apple has yet to specify or discuss, whether in writing or on a call, what relief it might seek on this issue further shows that it is Apple who has not engaged meaningfully on this issue.

Sincerely,

Douglas G. Muehlhauser

33630218