1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COOLEY LLP
HEIDI L. KEEFE (178960)
(hkeefe@cooley.com)
LOWELL D. MEAD (223989)
(lmead@cooley.com)
BENJAMIN S. LIN (232735)
(blin@cooley.com)
3175 Hanover Street
Palo Alto, California  94304-1130
Telephone:  (650) 843-5000
Facsimile:   (650) 849-7400

COOLEY LLP
ERIK B. MILCH (VA SBN 46375)
(admitted *pro hac vice*)
(emilch@cooley.com)
11951 Freedom Drive, Suite 400
Reston, VA  20190
Telephone:  (703) 456-8000
Facsimile:  (703) 456-8100

COOLEY LLP
PHILLIP E. MORTON (VA SBN
71299) (admitted *pro hac vice)*
(pmorton@cooley.com)
1299 Pennsylvania, N.W, Suite 700
Washington, DC  20004
Telephone:  (202) 842-7800
Facsimile:   (202) 842-7889

Attorneys for Defendant
Apple Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ONE-E-WAY, INC., a California Corporation,<br><br>                    Plaintiff,<br><br>        v.<br><br>APPLE INC., a California Corporation,<br><br>                    Defendant. | Case No. 2:20-CV-06339-JAK-GJS<br><br>**APPLE'S REPLY IN SUPPORT OF MOTION TO STAY PENDING *INTER PARTES* REVIEW**<br><br>Date:        January 25, 2021<br>Time:       8:30 a.m.<br>Ctrm:       10B<br>Honorable John A. Kronstadt |

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ............................................................. 1

II.   REPLY ARGUMENT ....................................................... 1

    A.    The Early Stage of These Proceedings Strongly Favors a Stay. .......... 1

    B.    A Stay Will Simplify the Issues. ............................................ 5

    C.    OEW Will Not be Unduly Prejudiced by a Stay. ................................. 7

    D.    The Court Should Reject OEW's "Compromise" Proposal. ................ 8

III.  CONCLUSION ............................................................. 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aylus Network, Inc. v. Apple Inc.*,
   856 F.3d 1353 (Fed. Cir. 2017) ........................................................ 3, 8

*Core Optical Techs. LLC v. Fujitsu Network Comms., Inc.*,
   No. SA CV 16-00437-AG, 2016 WL 7507760 (C.D. Cal. Sept. 12,
   2016) .................................................................................................. 7

*Fresenius USA, Inc. v. Baxter Int'l, Inc.*,
   721 F.3d 1330 (Fed. Cir. 2013) .......................................................... 7

*In re Gorman*,
   933 F.2d 982 (Fed. Cir. 1991) ............................................................ 6

*Intellectual Ventures II LLC v. Ericsson Inc.*,
   685 Fed. App'x 913 (Fed. Cir. Apr. 18, 2017) .................................... 6

*JBF Interlude 2009 Ltd. v. Quibi Holdings*,
   No. 2:20-cv-02299-CAS 2020 WL 6203555 (C.D. Cal. Oct. 19,
   2020) .................................................................................................. 5

*Medtronic, Inc. v. Axonics Modulation Techs., Inc.*,
   No. SACV 19-02115, 2020 WL 5087820 (C.D. Cal. May 8, 2020) ..... 2

*One-E-Way, Inc. v. Int'l Trade Comm'n*,
   859 F.3d 1059 (Fed. Cir. 2017) .......................................................... 6

*Pi-Net Int'l, Inc. v. Hertz Corp.*,
   No. 12-10012, 2013 WL 7158011 (C.D. Cal. June 5, 2013) ............... 8

*PureCircle USA, Inc. v. Sweegen, Inc.*,
   No. SACV 18-1679 JVS, 2020 WL 5260492 (C.D. Cal. Aug. 5,
   2020) .................................................................................................. 2

*SCA Hygiene Prods. Aktiebolag v. Tarzana Enterprises, LLC*,
   No. CV 17-04395, 2017 WL 5952166 (C.D. Cal. Sept. 27, 2017) .... 5, 7

*Universal Elecs. v. Universal Remote Control, Inc.*,
   943 F.Supp. 2d 1028 (C.D. Cal. 2013) ............................................... 7

1
2

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

*Weserve Drone, LLC v. SZ DJI Technology Co., Ltd.*,
   No. 19-04382, 2020 WL 4373365 (C.D. Cal. Mar. 17, 2020) ............................ 6

*Wonderland Nursery Goods Co. v. Baby Trend, Inc.*,
   No. EDCV 14-01154-VAP, 2015 WL 1809309 (C.D. Cal. Apr. 20,
   2015) ..................................................................................................................... 3

**Statutes**

35 U.S.C. § 315(b) ..................................................................................................... 2

**Other Authorities**

MPEP § 2145 .............................................................................................................. 6

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I.    INTRODUCTION

All three applicable factors strongly favor a stay.  In its Opposition, OEW: (1) cannot dispute that this case is in its earliest stages, with little activity completed and no trial date; (2) ignores the substantial simplification that will result from the PTAB proceedings, which will create new intrinsic record for claim construction and may narrow this case or eliminate it entirely; and (3) fails to identify any undue prejudice it would suffer from a stay after it chose to wait over six years to bring this action.  A stay pending resolution of the IPR petitions is fully appropriate here, consistent with the many cases cited by Apple that OEW does not attempt to distinguish.

With no meaningful response on the relevant factors, OEW devotes its opposition to falsehoods and distractions.  OEW incorrectly accuses Apple of an alleged "unilateral" stay.  In fact, however, the Court explicitly declined to set any case schedule before resolving the present motion to stay.  (Dkt. 40, 44.)  Indeed, neither party is serving S.P.R. claim construction disclosures since there is no schedule.  Apple initially objected to discovery requests by OEW, but that was because the proper scope of discovery is unclear in view of OEW's still-deficient infringement contentions, as addressed in Apple's pending motion to strike or compel (Dkt. 24).  OEW speculates on the merits of the IPR petitions, but tellingly does not identify any substantive deficiency in any petition.  Finally, OEW proposes a meritless "compromise" to forge ahead through claim construction that would be wasteful and premature because the PTAB proceedings will necessarily create new intrinsic evidence that must be taken into account.

For the reasons stated in Apple's motion and further herein, Apple respectfully requests that the Court stay this action pending resolution of Apple's IPR petitions.

## II.    REPLY ARGUMENT

### A.    The Early Stage of These Proceedings Strongly Favors a Stay.

OEW cannot credibly dispute that this case is in its infancy.  *See* Mot. at 4-5. To analyze the "stage of proceedings" factor, courts in this district often consider

whether "there is more work ahead of the parties and the Court than behind." *PureCircle USA, Inc. v. Sweegen, Inc.*, No. SACV 18-1679 JVS, 2020 WL 5260492, at *2 (C.D. Cal. Aug. 5, 2020); *Medtronic, Inc. v. Axonics Modulation Techs., Inc.*, No. SACV 19-02115, 2020 WL 5087820, at *2 (C.D. Cal. May 8, 2020) (holding that where "the amount of work still to do far outweighs that which has already been completed . . . this factor weighs in favor of a stay."). There is no dispute that this case is just getting started—indeed, the Court has not yet entered a case schedule—and the vast majority of the work for both the Court and the parties still lies ahead. *See* Mot. at 4-5.

Contrary to OEW's accusations, Apple has proceeded with diligence and good faith. After receiving OEW's incomplete infringement contentions on September 15, 2020, Apple diligently prepared IPR petitions and filed them on December 4, 2020, prior to the parties' joint Rule 26(f)/16(b) report and seven months before the one-year statutory deadline to file IPR by July 2021.[1] Mot. at 1-2. OEW is due to file a Patent Owner Preliminary Response ("POPR") in each IPR only two months from now, and the PTAB is due to decide institution within three months thereafter:

| Patent | '391 patent | '047 patent | '627 patent |
|---|---|---|---|
| IPR Review # | IPR2020-00283 | IPR2020-00284<br>IPR2020-00285 | IPR2020-00286<br>IPR2020-00287 |
| POPR | 3/16/2021 | 3/16/2021 | 3/22/2021 |
| Institution | 6/16/2021 | 6/16/2021 | 6/22/2021 |

The overwhelming weight of precedent, common sense, and sound policy favor a stay under the present circumstances. *See* Mot. at 4-5. OEW makes no effort to distinguish the many cases Apple cited that grant pre-institution stays pending IPR, even where cases were substantially further along than this one. *See id.*

Importantly, because no claim construction activity has yet occurred, a stay in

---

[1] Congress provided for a 1-year period after the filing of a patent infringement complaint for the defendant to file an IPR petition. 35 U.S.C. § 315(b).

this case would strongly promote judicial economy. *Wonderland Nursery Goods Co. v. Baby Trend, Inc.*, No. EDCV 14-01154-VAP, 2015 WL 1809309, at *3 (C.D. Cal. Apr. 20, 2015) (the stage of proceedings favored a stay because "the Markman hearing has not yet taken place and no disputed claim terms have been construed by this Court"). The PTAB proceedings will necessarily create new intrinsic record in the coming months. *See* Mot. at 5-6. In OEW's POPRs due in March 2021 and potentially in post-institution filings, OEW may make statements that disclaim claim scope or otherwise affect claim construction. *Aylus Network, Inc. v. Apple Inc.*, 856 F.3d 1353, 1362 (Fed. Cir. 2017). The PTAB will also weigh in on claim construction and invalidity issues with its institution decisions. It would be much more efficient and sensible to permit the IPR proceedings to unfold rather than pressing ahead now on an incomplete record with claim construction, which might need to be completely redone. Mot. at 6. In sum, the first factor strongly favors a stay.

Rather than conceding this indisputable point, OEW incorrectly accuses Apple of instituting a "unilateral stay." Opp. at 1; *see also* Opp. at 11 (accusing Apple of "gam[ing] the system through delay and discovery obstruction"). OEW's accusations are baseless. First, OEW accuses Apple of not serving S.P.R. 2.5 and 2.6 disclosures, but in fact the Court has not yet set any deadlines for those disclosures. When the Court issued its order taking the scheduling conference off calendar, the Court stated that "[b]ased on a review of the Joint Rule 16(b)/26(f) Report, a separate order will issue setting the deadlines and dates for this action." (Dkt. 40.) In the parties' Joint Rule 26(f)/16(b) report, the parties offered two competing case schedule proposals. Apple proposed that the deadlines for invalidity contentions (S.P.R. 2.5) and beyond should key off the Court's ruling on Apple's pending motion to strike OEW's infringement contentions. (Dkt. 42 at 4, 9.) Subsequently, after review of Apple's Motion to Stay, the Court stated that after resolving the motion to stay, "a scheduling order will issue based on a review of the

1  parties' Joint Rule 16(b)/26(f) Report … if appropriate." (Dkt. 44.)  Since the Court

2  has not ruled on the parties' alternative proposals and stated that it will not do so (if

3  at all) until after deciding this Motion to Stay, no deadlines are currently set for

4  invalidity contentions and beyond.

5       In fact, far from any "unilateral" abeyance by Apple, OEW itself has

6  acknowledged that no scheduled disclosures are due because it has not proceeded

7  with Patent Rules disclosures either.  Over the holidays, OEW threatened to file an

8  *ex parte* application to compel Apple to serve S.P.R. 2.5 and 2.6 disclosures.  *See*

9  Dkt. 46-2 (12/29/2020 correspondence).  After Apple explained that the Court had

10 not set any deadlines for those disclosures, OEW stood down.  *See id*.  Since then,

11 neither party has served any S.P.R. disclosures.  Neither OEW nor Apple served the

12 S.P.R. 3.1 claim construction disclosures that would have been due on January 11,

13 2021 under OEW's proposed schedule.  *See* Opp. at 12.  (Reply Decl. of L. Mead,

14 ¶ 4.)  Thus, both parties appreciate that there is presently no scheduling order

15 requiring any such disclosures.  Indeed, any such disclosures would be wasteful and

16 premature at this time in light of the upcoming filings at the PTAB that OEW is set

17 to make.

18      OEW's accusation that Apple refused to participate in discovery is also

19 inaccurate.  Apple timely served responses to OEW's discovery requests explaining

20 its objections due to OEW's materially incomplete and deficient infringement

21 contentions that failed to specify the products and functionalities properly at issue in

22 this case, and offering to meet and confer.  (Reply Decl. of L. Mead, ¶ 3.)  Apple

23 subsequently met and conferred with OEW and, prior to the filing of OEW's

24 Opposition, Apple confirmed that it would commence producing documents on a

25 rolling basis as a compromise to avoid a needless dispute.  (Reply Decl. of L. Mead,

26 Ex. A (1/8/2021 email).)  As a result of that joint meet and confer, OEW agreed not

27 to file a motion at this time, demonstrating that the meet and confer process worked.

28 Thus, there was nothing improperly "unilateral" about anything.  As of this filing,

Apple has already commenced producing documents and made available source code for inspection.  (Reply Decl. of L. Mead, ¶ 5.)

Setting aside OEW's mischaracterizations, the simple fact is that discovery has only just begun and the vast majority of work for the Court and parties lies ahead. This factor weighs heavily in favor of a stay.

### B.     A Stay Will Simplify the Issues.

Although OEW asserts that benefits of a stay are "purely speculative" until the PTAB institutes the IPR, courts have rejected that argument on facts similar to those here.  *See, e.g.*, *SCA Hygiene Prods. Aktiebolag v. Tarzana Enterprises, LLC*, No. CV 17-04395, 2017 WL 5952166, at *4-5 (C.D. Cal. Sept. 27, 2017).  As in *SCA Hygiene*, Apple's IPR petitions challenge each asserted patent claim.  Thus, Apple's IPR petitions have the potential to dispose of all of OEW's asserted patent claims. And as noted in *SCA Hygiene*, even if all of the claims survive review, the Court "will benefit from the expert evaluation of the issues by the Patent Office."  *Id.* at *4. "Therefore, th[e] simplification of issues] factor also weighs in favor of a stay" even though the PTAB's institution decisions are still pending.  *Id.* at *5-6.

OEW's reliance on *JBF Interlude 2009 Ltd. v. Quibi Holdings* is misplaced. No. 2:20-cv-02299-CAS 2020 WL 6203555 (C.D. Cal. Oct. 19, 2020).  That case involved a variety of contract, trade secret, and patent issues, including two patents that would be unaffected by the IPRs on two other patents.  *Id.* at *8.  Thus, the court reasonably expressed a concern about whether IPR would meaningfully simplify the litigation.  *Id.*  No such concern applies here, where OEW asserts only patent claims, and Apple's IPR petitions challenge all of them.

OEW's reference to the contents of the IPR petitions only highlights the likelihood of institution, because OEW does not identify any substantive deficiency in the petitions.  The five petitions challenge more than 30 lengthy claims, yet OEW does not identify a single claim limitation that is allegedly missing in the prior art. Unable to identify any substantive deficiency, OEW merely notes the quantity of

prior art references presented in the petitions.   Opp. at 4.   But the number of references is immaterial.   The proper criterion "is not the number of references, but what they would have meant to a person of ordinary skill in the field of the invention. *See In re Gorman*, 933 F.2d 982, 985-86 (Fed. Cir. 1991) (affirming an obviousness rejection based upon a combination of thirteen references); *see also Intellectual Ventures II LLC v. Ericsson Inc.*, 685 Fed. App'x 913, 922-23 (Fed. Cir. Apr. 18, 2017) (non-precedential) (affirming Board's decision invalidating claims based on a combination of four references).   Indeed, the Patent Office's Manual of Patent Examining Procedure ("MPEP") specifically directs that "[r]eliance on a large number of references in a rejection does not, without more, weigh against the obviousness of the claimed invention."   MPEP § 2145.

In any event, the merits of each IPR petition will be addressed by the PTAB, and it makes good sense to wait for the PTAB to perform its review.   *See Weserve Drone, LLC v. SZ DJI Technology Co., Ltd.*, No. 19-04382, 2020 WL 4373365, at *3 (C.D. Cal. Mar. 17, 2020) (declining to consider the merits of defendant's IPR petition in deciding motion to stay).

OEW's suggestion that its patents are "battle-tested" is misleading at best. Two of the three patents ('047 and '627) have never been litigated or challenged at the PTAB.   The remaining patent ('391) did not reach a final decision regarding invalidity over the prior art.   OEW's assertion that the '391 patent was "venerated by the Federal Circuit" is baseless.   *See* Opp. at 6-7.   The Federal Circuit merely reviewed one claim term ("virtually free from interference") and determined that it was not indefinite.   *One-E-Way, Inc. v. Int'l Trade Comm'n*, 859 F.3d 1059, 1067 (Fed. Cir. 2017).   That ruling says nothing about invalidity over prior art, which is the challenge presented in Apple's IPR petition.[2]

The simple fact remains that the IPRs are highly likely to simplify the issues

_____

[2] It is similarly immaterial that the Ham reference was cited, without substantive discussion, during the prosecution of a different patent that is not at issue here.

in this case and may dispose of this case entirely.  *See* Mot. at 5-7.  If the PTAB finds all of the challenged claims unpatentable, the case will be dismissed.  *See Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1339 (Fed. Cir. 2013) (where every claim is invalidated, "the patentee loses any cause of action based on that claim, and any pending litigation in which the claims are asserted becomes moot.").  If the PTAB finds invalid the claims of one or more patents or some other subset of claims, then this case will be substantially narrowed.  *SCA Hygiene Prods.*, 2017 WL 5952166 at *3.

OEW also ignores the simplification that will result from the IPRs creating new intrinsic record to be considered at claim construction, including consideration of OEW's POPRs to be filed in two months.  *See* Mot. at 6-7; *Core Optical Techs. LLC v. Fujitsu Network Comms., Inc.*, No. SA CV 16-00437-AG, 2016 WL 7507760 (C.D. Cal. Sept. 12, 2016) (granting stay where IPR proceeding helps to develop the intrinsic record, and thus can be informative on issues of claim construction).  It would make no sense to press forward with claim construction at this time.

Even in the unlikely event that the PTAB declines to institute any of the five petitions, the resulting stay will be brief—a tiny fraction of OEW's six-year delay in bringing this suit after exchanging correspondence with Apple in 2014 regarding OEW's patents.  (*See* Mot. at 1, 7-8.)  And even this scenario would provide simplification benefits, since the PTAB's decisions (and OEW's POPRs) would likely illuminate and focus disputes about the scope of the claims and prior art.

In sum, the simplification factor weighs heavily in favor of a stay.

## C.   OEW Will Not be Unduly Prejudiced by a Stay.

Finally, OEW fails to demonstrate any "undue" prejudice or clear tactical disadvantage that it will suffer from a stay of this case.  OEW complains about "six additional months of idleness" (Opp. at 10), but never explains its <u>six years</u> of idleness in waiting to sue Apple.  Mere delay in proceedings is inherent in every stay and does not constitute <u>undue</u> prejudice.  *Universal Elecs. v. Universal Remote*

*Control, Inc.*, 943 F.Supp. 2d 1028, 1033 (C.D. Cal. 2013); *see* Mot. at 7-8.  OEW does not dispute that it seeks only monetary damages, which will be unaffected by a stay.  *Pi-Net Int'l, Inc. v. Hertz Corp.*, No. 12-10012, 2013 WL 7158011, at *3 (C.D. Cal. June 5, 2013); *see* Mot. at 8.

Accordingly, this final factor also weighs fully in favor of a stay.

### D.     The Court Should Reject OEW's "Compromise" Proposal.

The Court should reject OEW's "compromise" proposal because it would directly undermine the benefits of a stay.  Opp. at 11-13.  As an initial matter, OEW wrongly suggests that there is currently a case schedule in place.  That is incorrect.  (*See* Dkt. 40, 44.)  In fact, OEW itself has proceeded with the understanding that there is no case scheduling order presently in force, as noted previously.

OEW nevertheless asks the Court to force the parties to wastefully proceed through claim construction contentions and briefing, ignoring the fact that the intrinsic record for each patent is necessarily incomplete at this time.  It would make no sense for the parties to develop and disclose litigation claim construction positions now, only for OEW to raise new arguments affecting claim construction in its POPRs—or in later post-institution filings—such as by disclaiming claim scope in an effort to distinguish the prior art.  *Aylus Network*, 856 F.3d at 1362.  The PTAB's institution decisions may also shed light on claim construction issues.

There is similarly no merit in OEW's suggestion that "completion of the S.P.R. 2.5 through 3.5 deadlines… presents little if any additional burden to Apple."  Opp. at 3.  Apple filed IPR petitions that present at least one prior art invalidity challenge to each asserted claim.  That is quite a different matter from collecting and producing technical documents, investigating and developing non-infringement positions, and developing and preparing invalidity contentions on all other invalidity grounds—all of which would be a massive waste of resources if the PTAB ends up invalidating OEW's asserted claims.

Moreover, as Apple explained in the parties' joint Rule 26(f)/16(b) report, separate and apart from the IPRs, the activities that OEW would propose to move forward would all depend on OEW's currently deficient infringement contentions, and thus cannot be fairly and efficiently conducted at this time since OEW refused to serve complete and compliant contentions, as set forth in Apple's pending motion to strike or compel.  (*See* Dkt. 24; Dkt. 42 at 9.)

In sum, the best course of action at this juncture, consistent with the extensive case law precedent that OEW ignores, is to put this case on hold at least until the PTAB renders its institution decisions so that the parties and Court can properly benefit from the record developed at the PTAB and proceed accordingly.

## III.   CONCLUSION

For the foregoing reasons, Apple respectfully requests that this Court stay this case pending final resolution of the IPR petitions.

Dated:        January 15, 2021                    By: */s/ Heidi L. Keefe*

HEIDI L. KEEFE (178960)
(hkeefe@cooley.com)
LOWELL D. MEAD (223989)
(lmead@cooley.com)
BENJAMIN S. LIN (232735)
(blin@cooley.com)
COOLEY LLP
3175 Hanover Street
Palo Alto, California  94304-1130
Telephone: +1 650 843 5000
Facsimile:  +1 650 849 7400

ERIK B. MILCH (VA SBN 46375)
(admitted *pro hac vice*)
(emilch@cooley.com)
COOLEY LLP
11951 Freedom Drive, Suite 400
Reston, VA  20190
Telephone:  (703) 456-8000
Facsimile:  (703) 456-8100

PHILLIP E. MORTON (VA SBN 71299) (admitted *pro hac vice*)
(pmorton@cooley.com)
1299 Pennsylvania, N.W, Suite 700
Washington, DC  20004
Telephone:  (202) 842-7800
Facsimile:   (202) 842-7889

Attorneys for Defendant
Apple Inc.