UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ONE-E-WAY, INC., <br><br> Plaintiff, <br><br> v. <br><br> APPLE INC., <br><br> Defendant. | Case No. 2:20-cv-06339-JAK-GJS <br><br> STIPULATED PROTECTIVE ORDER[1] |

1.      <u>A. PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  Protected Materials designated under the terms of this Protective Order shall be used by a Receiving Party solely for this case, and shall not be used directly or indirectly for any other purpose whatsoever.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it

---

[1] This Stipulated Protective Order is substantially based on the model protective order provided under Magistrate Judge Gail J. Standish's Procedures.

affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

### B. GOOD CAUSE STATEMENT

This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

### C. ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER SEAL

The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed

and the standards that will be applied when a party seeks permission from the court to file material under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases.  In connection with non-dispositive motions, good cause must be shown to support a filing under seal.  *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony Electrics, Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material that a party seeks to file under seal.  The parties' mere designation of Disclosure or Discovery Material as CONFIDENTIAL does not— without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause.

Further, if a party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-79 (9th Cir. 2010).  For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order.  Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document,

shall be filed.  Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

2.    <u>DEFINITIONS</u>

2.1    <u>Action</u>: this pending federal lawsuit.

2.2    <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.3    <u>"CONFIDENTIAL,"</u> "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" <u>Information or Items</u>:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4    <u>Counsel</u>:  Outside Counsel of Record and House Counsel (as well as their support staff).

2.5    <u>Designating Party</u>:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE."

2.6    <u>Disclosure or Discovery Material</u>:  all items or information, including from any non-party, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7    <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8    <u>House Counsel</u>:  attorneys who are employees of a party to this Action.

House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9     Non-Party:  any natural person, partnership, corporation, association or other legal entity not named as a Party to this action.

2.10   Outside Counsel or Outside Counsel of Record:  attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, and includes support staff.

2.11   Party:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12   Patents-in-Suit: U.S. Patents Nos. 8,131,391 ("the '391 patent"), 10,468,047 ("the '047 patent") and 10,129,627 ("the '627 patent").

2.13   Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14   Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15   Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE," as provided for in this Order.  Protected Material shall not include:  (i) materials that have been actually published or publicly disseminated; and (ii) materials that show on their face they have been disseminated to the public.

2.16   Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

2.17   Source Code:  computer code, scripts, assembly, binaries, object code,

source code listings (e.g., file names and path structure), descriptions of source code (e.g., descriptions of declarations, functions, and parameters), object code listings and descriptions of object code, Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip, and Computer Aided Design (CAD) files that describe the hardware or logic design of any circuit, ASIC or other chip.

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Nothing in this Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose,  and nothing in this Order shall preclude any Producing Party from showing its Protected Material to an individual who prepared the Protected Material.

Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in court or in any court filing with the consent of the Producing Party or by order of the Court.

This Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

4.    DURATION

FINAL DISPOSITION of the action is defined as the conclusion of any appellate proceedings, or, if no appeal is taken, when the time for filing of an appeal

has run.  Except as set forth below, the terms of this protective order apply through FINAL DISPOSITION of the action.  The parties may stipulate that they will be contractually bound by the terms of this agreement beyond FINAL DISPOSITION, but will have to file a separate action for enforcement of the agreement once all proceedings in this case are complete.

Once a case proceeds to trial, information that was designated as CONFIDENTIAL or maintained pursuant to this protective order used or introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial.  *See Kamakana*, 447 F.3d at 1180-81 (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record).  Accordingly, for such materials, the terms of this protective order do not extend beyond the commencement of the trial.

5.    <u>DESIGNATING PROTECTED MATERIAL</u>

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items or oral or written communications that qualify so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose

1    unnecessary expenses and burdens on other parties) may expose the Designating

2    Party to sanctions.

3        If it comes to a Designating Party's attention that information or items that it

4    designated for protection do not qualify for protection, that Designating Party must

5    promptly notify all other Parties that it is withdrawing the inapplicable designation.

6        5.2    <u>Manner and Timing of Designations</u>.   Except as otherwise provided in

7    this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise

8    stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

9    under this Order must be clearly so designated before the material is disclosed or

10    produced.

11        Designation in conformity with this Order requires:

12        (a)  for information in documentary form (e.g., paper or electronic

13    documents, but excluding transcripts of depositions or other pretrial or trial

14    proceedings), that the Producing Party affix at a minimum, the legend

15    "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES

16    ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY –

17    SOURCE CODE", to each page that contains protected material.

18        A Party or Non-Party that makes original documents available for inspection

19    need not designate them for protection until after the inspecting Party has indicated

20    which documents it would like copied and produced.   During the inspection and

21    before the designation, all of the material made available for inspection shall be

22    deemed "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY."   After the

23    inspecting Party has identified the documents it wants copied and produced, the

24    Producing Party must determine which documents, or portions thereof, qualify for

25    protection under this Order.   Then, before producing the specified documents, the

26    Producing Party must affix the proper confidentiality legend to each page that

27    contains Protected Material.

28        (b)  for testimony given in depositions that the Designating Party identifies

the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony, or by sending written notice of how portions of the transcript of the testimony is designated within thirty (30) days of receipt of the transcript of the testimony.  If no indication on the record is made, all information disclosed during a deposition shall be deemed "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" until the time within which it may be appropriately designated as provided for herein has passed.  Any Party that wishes to disclose the transcript, or information contained therein, may provide written notice of its intent to treat the transcript as non-confidential, after which time, any Party that wants to maintain any portion of the transcript as confidential must designate the confidential portions within fourteen (14) days, or else the transcript may be treated as non-confidential.  Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Protected Material.  In such cases the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order.  In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of the parties."  Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and videographer (if any), any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material.  Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

(c) <u>Written Discovery and Documents and Tangible Things.</u>  Written discovery, documents (which include "electronically stored information," as that phrase is used in Federal Rule of Procedure 34), and tangible things that meet the requirements for the confidentiality designations may be so designated by placing the appropriate designation on every page of the written material prior to production.  For digital files being produced, the Producing Party may mark each viewable page or image with the appropriate designation, and mark the medium, container, and/or communication in which the digital files were contained.  In the event that original documents are produced for inspection, the original documents shall be presumed "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" during the inspection and re-designated, as appropriate during the copying process.

(d) Native Files.  Where electronic files and documents are produced in native electronic format, such electronic files and documents shall be designated for protection under this Order by appending to the file names or designators information indicating whether the file contains  "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE," material, or shall use any other reasonable method for so designating Protected Materials produced in electronic format. When electronic files or documents are printed for use at deposition, in a court proceeding, or for provision in printed form to an expert or consultant pre-approved pursuant to Paragraph 10, the party printing the electronic files or documents shall affix a legend to the printed document corresponding to the designation of the Designating Party and including the production number and designation associated with the native file.  No one shall seek to use in this litigation a .tiff, .pdf or other image format version of a document produced in native file format without first (1) providing a copy of the image format version to the Producing Party so that the Producing Party can review the image to ensure that no information has been altered, and (2) obtaining the consent of the

1   Producing Party, which consent shall not be unreasonably withheld.

2       5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent

3   failure to designate qualified information or items does not, standing alone, waive

4   the Designating Party's right to secure protection under this Order for such material.

5   Upon timely correction of a designation, the Receiving Party must make reasonable

6   efforts to assure that the material is treated in accordance with the provisions of this

7   Order.

8       A Receiving Party shall not be in breach of this Order for any use of such

9   Discovery Material before the Receiving Party receives such notice that such

10  Discovery Material is protected under one of the categories of this Order, unless an

11  objectively reasonable person would have realized that the Discovery Material

12  should have been appropriately designated with a confidentiality designation under

13  this Order. Once a Receiving Party has received notification of the correct

14  confidentiality designation for the Protected Material with the correct confidentiality

15  designation, the Receiving Party shall treat such Discovery Material (subject to the

16  exception below) at the appropriately designated level pursuant to the terms of this

17  Order.

18      Notwithstanding the above, a subsequent designation of "CONFIDENTIAL,"

19  "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or

20  "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" shall apply

21  on a going forward basis and shall not disqualify anyone who reviewed

22  "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or

23  "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" materials

24  while the materials were not marked "CONFIDENTIAL – ATTORNEYS' EYES

25  ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE"

26  from engaging in the activities set forth in Paragraph 7.2.

27  6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

28      6.1    Timing of Challenges.  Any Party or Non-Party may challenge a

11

designation of confidentiality at any time that is consistent with the Court's Scheduling Order.  A Party shall not be obligated to challenge the propriety of any designation of Discovery Material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

6.2    <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.  Any challenge to a designation of Discovery Material under this Order shall be written, shall be served on outside counsel for the Producing Party, shall particularly identify the documents or information that the Receiving Party contends should be differently designated, and shall state the grounds for the objection.  Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

(i)    The Challenging Party shall have the burden of conferring either in person, in writing, or by telephone with the Producing Party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute.  The Producing Party shall have the burden of justifying the disputed designation;

(ii)    Failing agreement, the Receiving Party may bring a motion to the Court for a ruling that the Discovery Material in question is not entitled to the status and protection of the Producing Party's designation.  The Parties' entry into this Order shall not preclude or prejudice either Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information;

(iii)    Notwithstanding any challenge to a designation, the Discovery Material in question shall continue to be treated as designated under this Order until one of the following occurs: (a) the Party who designated the Discovery Material in question withdraws such designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation.

6.3     The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.     ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Patent Prosecution Bar.  Absent the written consent of the Producing Party, any person on behalf of the Plaintiff who receives one or more items designated "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" by a Defendant shall not be involved, directly or indirectly, in any of the following activities before any foreign or domestic agency, including the United States Patent and Trademark Office: (i) drafting or amending any claims of any patent or patent application related to the patents-in-suit; (ii) drafting or amending any claims to Bluetooth-related technology in any patent or patent application that claims priority

13

to a date earlier than the date of entry of this Order; and (iii) drafting or amending any claims of any patent or patent application that cover the accused devices in this case.  This Prosecution Bar shall begin when "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" information is first received by the affected individual and shall end after final termination of this action.

7.3   Secure Storage, No Export.  Protected Material must be stored and maintained by a Receiving Party at a location in the United States and in a secure manner that ensures that access is limited to the persons authorized under this Order.  Protected Material may not be exported outside the United States or released to any foreign national (even if within the United States).

7.4   Legal Advice Based on Protected Material.  Nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to this case based in whole or in part upon Protected Materials, provided counsel does not disclose the Protected Material itself except as provided in this Order.

7.5   Limitations.  Nothing in this Order shall restrict in any way a Producing Party's use or disclosure of its own Protected Material.  Nothing in this Order shall restrict in any way the use or disclosure of Discovery Material by a Receiving Party: (i) that is or has become publicly known through no fault of the Receiving Party; (ii) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party; (iii) previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (iv) with the consent of the Producing Party; or (v) pursuant to order of the Court.

7.6   Disclosure of "CONFIDENTIAL" Information or Items.  A Producing Party may designate Discovery Material as "CONFIDENTIAL" if it contains or reflects confidential, proprietary, and/or commercially sensitive information.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a

14

Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)  the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)  Not more than three (3) representatives of the Receiving Party who are officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action, provided that (i) each such person has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; and (ii) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 10 below;

(c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed a copy of Exhibit A, and provided that: (i) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of a Party; (ii) such expert or consultant accesses the materials in the United States only, and does not transport them to or access them from any foreign jurisdiction; and (iii) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 10 below;

(d)  the court and its personnel;

(e)  court reporters and their staff;

(f)  professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed a copy of Exhibit A;

(g)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)  during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit 1 hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i)  any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions; and

(j)  any other person with the prior written consent of the Producing Party.

7.7     Disclosure of "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" Information or Items.  A Producing Party may designate Discovery Material as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" if it contains or reflects information that is extremely confidential and/or sensitive in nature and the Producing Party reasonably believes that the disclosure of such Discovery Material is likely to cause economic harm or significant competitive disadvantage to the Producing Party.  The Parties agree that the following information, if non-public, shall be presumed to merit the "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" designation:  trade secrets, pricing information, financial data, sales information, sales or marketing forecasts or plans, business plans, sales or marketing strategy, product development information, engineering documents, testing documents, employee information, and other non-public information of similar competitive and business sensitivity.  Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" may be disclosed only to:

(a) The Receiving Party's Outside Counsel, provided that such Outside

1   Counsel is not involved in competitive decision-making, as defined by *U.S. Steel v.*
2   *United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a
3   competitor of a Party, and such Outside Counsel's immediate paralegals and staff,
4   and any copying or clerical litigation support services working at the direction of
5   such counsel, paralegals, and staff;

6         (b) Experts (as defined in this Order) of the Receiving Party to whom
7   disclosure is reasonably necessary for this Action and who have signed a copy of
8   Exhibit A, and provided that:  (i) such expert or consultant is not a current officer,
9   director, or employee of a Party or of a competitor of a Party, nor anticipated at the
10  time of retention to become an officer, director, or employee of a Party or of a
11  competitor of a Party; (ii) such expert or consultant is not involved in competitive
12  decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3
13  (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party; (iii) such expert or
14  consultant accesses the materials in the United States only, and does not transport
15  them to or access them from any foreign jurisdiction; and (iv) no unresolved
16  objections to such disclosure exist after proper notice has been given to all Parties as
17  set forth in Paragraph 10 below;

18        (c)  the court and its personnel;

19        (e)  court reporters and their staff;

20        (e)  professional jury or trial consultants, and Professional Vendors to
21  whom disclosure is reasonably necessary for this Action and who have signed a
22  copy of Exhibit A;

23        (f)  the author or recipient of a document containing the information or a
24  custodian or other person who otherwise possessed or knew the information;

25        (g)  any mediator or settlement officer, and their supporting personnel,
26  mutually agreed upon by any of the parties engaged in settlement discussions; and

27        (h)  any other person with the prior written consent of the Producing Party.

28        7.8     Disclosure of "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES

ONLY – SOURCE CODE" Information or Items.  A Producing Party may designate Discovery Material as "CONFIDENTIAL – – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" if it comprises or includes confidential, proprietary, and/or trade secret Source Code.  Nothing in this Order shall be construed as a representation or admission that Source Code is properly discoverable in this action, or to obligate any Party to produce any Source Code.  Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL – – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" shall be subject to the provisions set forth in Paragraph 8 below, and may be disclosed, subject to Paragraph 8 below, solely to:

(a) The Receiving Party's Outside Counsel, provided that such Outside Counsel is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party, and such Outside Counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(b) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed a copy of Exhibit A, and provided that:  (i) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director, or employee of a Party or of a competitor of a Party; (ii) such expert or consultant is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party; and (iii) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 10 below;

(c)  the court and its personnel;

(d)  court reporters and their staff;

18

(e)  any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions; and

(f)  any other person with the prior written consent of the Producing Party.

8.  <u>DISCLOSURE AND REVIEW OF SOURCE CODE</u>

(a) Any Source Code that is produced by Plaintiff shall be made available for inspection in electronic format at the Irvine, California office of its outside counsel, Knobbe, Martens, Olson & Bear, LLP, or any other location mutually agreed by the Parties.  Any Source Code that is produced by Apple Inc. will be made available for inspection at the Palo Alto, California office of its outside counsel, Cooley LLP, or any other location mutually agreed by the Parties.  Source Code will be made available for inspection between the hours of 9 a.m. and 5 p.m. on business days (i.e., weekdays that are not Federal holidays), although the Parties will be reasonable in accommodating reasonable requests to conduct inspections at other times.  In the event that it is not feasible for the Producing Party to make source code available for inspection at the office of its outside counsel, the Producing Party shall not unreasonably withhold consent to making source code available for inspection at an outside vendor's facility (for example, some Iron Mountain facilities) that has sufficient security and logistical capabilities.  If the parties mutually agree to such review at an outside vendor's facility, the Producing Party shall be responsible for the costs of locating one review machine at that one facility and any facility costs for the Receiving Party to inspect the source code at that facility for no more than ten (10) days; the parties may meet and confer about any other costs, such as for additional days, which shall be borne by the Receiving Party absent a showing of good cause.

(b) Prior to the first inspection of any requested Source Code, the Receiving Party shall provide fourteen (14) days notice of the Source Code that it wishes to inspect.  The Receiving Party shall provide fourteen (14) days notice prior to any additional inspections.

(c) Source Code that is designated "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" shall be produced for inspection and review subject to the following provisions, unless otherwise agreed by the Producing Party:

(i) All Source Code shall be made available by the Producing Party to the Receiving Party's outside counsel and/or experts in a secure room on a secured computer without Internet access or network access to other computers and on which all access ports have been disabled (except for one printer port), as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal or other transfer of any Source Code outside or away from the computer on which the Source Code is provided for inspection (the "Source Code Computer" in the "Source Code Review Room").  The Producing Party shall install tools that are sufficient for viewing and searching the code produced, on the platform produced, if such tools exist and are presently used in the ordinary course of the Producing Party's business.  The Receiving Party's outside counsel and/or experts may request that commercially available software tools for viewing and searching Source Code be installed on the secured computer, provided, however, that (a) the Receiving Party possesses an appropriate license to such software tools; (b) the Producing Party approves such software tools; and (c) such other software tools are reasonably necessary for the Receiving Party to perform its review of the Source Code consistent with all of the protections herein.  The Receiving Party must provide the Producing Party with the CD or DVD containing such licensed software tool(s) at least fourteen (14) days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the Source Code Computer.

(ii) No recordable media or recordable devices, including without limitation sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted into the Source Code

1   Review Room.

2           (iii)   The Receiving Party's outside counsel and/or experts shall be

3   entitled to take notes relating to the Source Code but may not copy the Source Code

4   into the notes and may not take such notes electronically on the Source Code

5   Computer itself or any other computer.

6           (iv)   The Producing Party may visually monitor the activities of the

7   Receiving Party's representatives during any Source Code review, but only to

8   ensure that no unauthorized electronic records of the Source Code and no

9   information concerning the Source Code are being created or transmitted in any

10  way.

11          (v)   No copies of all or any portion of the Source Code may leave the

12  room in which the Source Code is inspected except as otherwise provided herein.

13  Further, no other written or electronic record of the Source Code is permitted except

14  as otherwise provided herein.  The Producing Party shall make available a laser

15  printer with commercially reasonable printing speeds for on-site printing during

16  inspection of the Source Code.  The Receiving Party may print limited portions of

17  the Source Code only when necessary to prepare court filings or pleadings or other

18  papers (including a testifying expert's expert report). Any printed portion that

19  consists of more than five (5) pages of a continuous block of Source Code shall be

20  presumed to be excessive, and the burden shall be on the Receiving Party to

21  demonstrate the need for such a printed copy.  The Receiving Party may print out no

22  more than 20 pages total. The Receiving Party shall not print Source Code in order

23  to review blocks of Source Code elsewhere in the first instance, i.e., as an alternative

24  to reviewing that Source Code electronically on the Source Code Computer, as the

25  Parties acknowledge and agree that the purpose of the protections herein would be

26  frustrated by printing portions of code for review and analysis elsewhere, and that

27  printing is permitted only when necessary to prepare court filings or pleadings or

28  other papers (including a testifying expert's expert report).  Upon printing any such

portions of Source Code, the printed pages shall be collected by the Producing Party.  The Producing Party shall Bates number, copy, and label "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" any pages printed by the Receiving Party.  Within fourteen (14) days, the Producing Party shall either (i) provide one copy set of such pages to the Receiving Party or (ii) inform the Requesting Party that it objects that the printed portions are excessive and/or not done for a permitted purpose.  If, after meeting and conferring, the Producing Party and the Receiving Party cannot resolve the objection, the Receiving Party shall be entitled to seek a Court resolution of whether the printed Source Code in question is narrowly tailored and was printed for a permitted purpose.  The burden shall be on the Receiving Party to demonstrate that such printed portions are no more than is reasonably necessary for a permitted purpose and not merely printed for the purposes of review and analysis elsewhere.  The printed pages shall constitute part of the Source Code produced by the Producing Party in this action.

(vi)    All persons who will review a Producing Party's Source Code on behalf of a Receiving Party, including members of a Receiving Party's outside law firm, shall be identified in writing to the Producing Party at least five (5) days in advance of the first time that such person reviews such Source Code.  Such identification shall be in addition to any other disclosure required under this Order.  All persons viewing Source Code shall sign on each day they view Source Code a log that will include the names of persons who enter the locked room to view the Source Code and when they enter and depart.  The Producing Party shall be entitled to a copy of the log upon one (1) day's advance notice to the Receiving Party.

(vii)    Unless otherwise agreed in advance by the Parties in writing, following each day on which inspection is done under this Order, the Receiving Party's outside counsel and/or experts shall remove all notes, documents, and all other materials from the Source Code Review Room.  The Producing Party shall not be responsible for any items left in the room following each inspection session, and

22

the Receiving Party shall have no expectation of confidentiality for any items left in the room following each inspection session without a prior agreement to that effect. Proper identification of all authorized persons shall be provided prior to any access to the secure room or the computer containing Source Code.  Proper identification requires showing, at a minimum, a photo identification card sanctioned by the government of any State of the United States, by the government of the United States, or by the nation state of the authorized person's current citizenship. Access to the secure room or the Source Code Computer may be denied, at the discretion of the supplier, to any individual who fails to provide proper identification.

(viii)  Other than as provided above, the Receiving Party will not copy, remove, or otherwise transfer any Source Code from the Source Code Computer including, without limitation, copying, removing, or transferring the Source Code onto any recordable media or recordable device.  The Receiving Party will not transmit any Source Code in any way from the Producing Party's facilities or the offices of its outside counsel of record.

(ix)    The Receiving Party's outside counsel of record may make no more than three (3) additional paper copies of any portions of the Source Code received from a Producing Party pursuant to Paragraph 8(c)(v), not including copies attached to court filings or used at depositions, and shall maintain a log of all paper copies of the Source Code.  The log shall include the names of the reviewers and/or recipients of paper copies and locations where the paper copies are stored.  Upon one (1) day's advance notice to the Receiving Party by the Producing Party, the Receiving Party shall provide a copy of this log to the Producing Party.

(x)     The Receiving Party's outside counsel of record and any person receiving a copy of any Source Code shall maintain and store any paper copies of the Source Code at their offices in a manner that prevents duplication of or unauthorized access to the Source Code, including, without limitation, storing the Source Code in a locked room or cabinet at all times when it is not in use.  No more

23

than a total of ten (10) individuals identified by the receiving party shall have access to the printed portions of Apple Source Code (except insofar as such code appears in any court filing or expert report).

(xi)    For depositions, the Receiving Party shall not bring copies of any printed Source Code.  Rather, at least ten (10) days before the date of the deposition, the Receiving Party shall notify the Producing Party about the specific portions of Source Code it wishes to use at the deposition, and the Producing Party shall bring printed copies of those portions to the deposition for use by the Receiving Party. Copies of Source Code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers. All paper copies of Source Code brought to the deposition shall remain with the Producing Counsel's outside counsel for secure destruction in a timely manner following the deposition.

(xii)   Except as provided in this sub-paragraph, absent express written permission from the Producing Party, the Receiving Party may not create electronic images, or any other images, or make electronic copies, of the Source Code from any paper copy of Source Code for use in any manner (including by way of example only, the Receiving Party may not scan the Source Code to a PDF or photograph the code).  Images or copies of Source Code shall not be included in correspondence between the Parties (references to production numbers shall be used instead), and shall be omitted from pleadings and other papers whenever possible.  If a Party reasonably believes that it needs to submit a portion of Source Code as part of a filing with the Court, the Parties shall meet and confer as to how to make such a filing while protecting the confidentiality of the Source Code and such Source Code will not be filed absent agreement from the Producing Party that the confidentiality protections will be adequate.  If a Producing Party agrees to produce an electronic copy of all or any portion of its Source Code or provide written permission to the Receiving Party that an electronic or any other copy needs to be made for a Court

filing, access to the Receiving Party's submission, communication, and/or disclosure of electronic files or other materials containing any portion of Source Code (paper or electronic) shall at all times be limited solely to individuals who are expressly authorized to view Source Code under the provisions of this Order.  Where the Producing Party has provided the express written permission required under this provision for a Receiving Party to create electronic copies of Source Code, the Receiving Party shall maintain a log of all such electronic copies of any portion of Source Code in its possession or in the possession of its retained consultants, including the names of the reviewers and/or recipients of any such electronic copies, and the locations and manner in which the electronic copies are stored. Additionally, any such electronic copies must be labeled "CONFIDENTIAL - ATTORNEYS' EYES ONLY - SOURCE CODE" as provided for in this Order.

9.      <u>NOTICE OF DISCLOSURE</u>

(a)      Prior to disclosing any Protected Material to any person described in Paragraphs 7.6(b), 7.6(c), 7.7(b), or 7.8(b) (referenced below as "Person"), the Party seeking to disclose such information shall provide the Producing Party with written notice that includes:

(i) the name of the Person;

(ii) an up-to-date curriculum vitae of the Person;

(iii) the present employer and title of the Person;

(iv) an identification of all of the Person's past and current employment and consulting relationships, including direct relationships and relationships through entities owned or controlled by the Person, including but not limited to an identification of any individual or entity with or for whom the person is employed or to whom the person provides consulting services relating to the design, development, operation, or patenting of wireless communication systems or digital audio systems, or relating to the acquisition of intellectual property assets relating to wireless communication systems or digital audio

systems;

(v) an identification of all pending patent applications on which the Person is named as an inventor, in which the Person has any ownership interest, or as to which the Person has had or anticipates in the future any involvement in advising on, consulting on, preparing, prosecuting, drafting, editing, amending, or otherwise affecting the scope of the claims; and

(vi) a list of the cases in which the Person has testified at deposition or trial within the last five (5) years.

Further, the Party seeking to disclose Protected Material shall provide such other information regarding the Person's professional activities reasonably requested by the Producing Party for it to evaluate whether good cause exists to object to the disclosure of Protected Material to the outside expert or consultant.  During the pendency of and for a period of two (2) years after the final resolution of this action, including all appeals, the Party seeking to disclose Protected Material shall immediately provide written notice of any change with respect to the Person's involvement in the design, development, operation or patenting of wireless communication systems or digital audio systems, or the acquisition of intellectual property assets relating to wireless communication systems or digital audio systems.

(b)    Within fourteen (14) days of receipt of the disclosure of the Person, the Producing Party or Parties may object in writing to the Person for good cause.  In the absence of an objection at the end of the fourteen (14) day period, the Person shall be deemed approved under this Protective Order.  There shall be no disclosure of Protected Material to the Person prior to expiration of this fourteen (14) day period.  If the Producing Party objects to disclosure to the Person within such fourteen (14) day period, the Parties shall meet and confer via telephone or in person within seven (7) days following the objection and attempt in good faith to resolve the dispute on an informal basis.  If the dispute is not

resolved, the Party objecting to the disclosure will have seven (7) days from the date of the meet and confer to seek relief from the Court.  If relief is not sought from the Court within that time, the objection shall be deemed withdrawn.  If relief is sought, designated materials shall not be disclosed to the Person in question until the Court resolves the objection.

(c)     For purposes of this section, "good cause" shall include an objectively reasonable concern that the Person will, advertently or inadvertently, use or disclose Discovery Materials in a way or ways that are inconsistent with the provisions contained in this Order.

(d)     Prior to receiving any Protected Material under this Order, the Person must execute a copy of the "Agreement to Be Bound by Protective Order" (Exhibit A hereto) and serve it on all Parties.

(e)     An initial failure to object to a Person under this Paragraph shall not preclude the nonobjecting Party from later objecting to continued access by that Person for good cause.  If an objection is made, the Parties shall meet and confer via telephone or in person within seven (7) days following the objection and attempt in good faith to resolve the dispute informally.  If the dispute is not resolved, the Party objecting to the disclosure will have seven (7) days from the date of the meet and confer to seek relief from the Court.  The designated Person may continue to have access to information that was provided to such Person prior to the date of the objection.  If a later objection is made, no further Protected Material shall be disclosed to the Person until the Court resolves the matter or the Producing Party withdraws its objection.  Notwithstanding the foregoing, if the Producing Party fails to move for a protective order within seven (7) business days after the meet and confer, further Protected Material may thereafter be provided to the Person.

10.     <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED</u>

IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - ATTORNEYS' EYES ONLY - SOURCE CODE," that Party must:

(a)  promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - ATTORNEYS' EYES ONLY - SOURCE CODE," before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

11.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)  The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL,"

28

1    "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or

2    "CONFIDENTIAL - ATTORNEYS' EYES ONLY - SOURCE CODE."  Such

3    information produced by Non-Parties in connection with this litigation is protected

4    by the remedies and relief provided by this Order.  Nothing in these provisions

5    should be construed as prohibiting a Non-Party from seeking additional protections.

6          (b)  In the event that a Party is required, by a valid discovery request, to

7    produce a Non-Party's confidential information in its possession, and the Party is

8    subject to an agreement with the Non-Party not to produce the Non-Party's

9    confidential information, then the Party shall:

10          (1)  promptly notify in writing the Requesting Party and the Non-Party

11   that some or all of the information requested is subject to a confidentiality

12   agreement with a Non-Party;

13          (2)  promptly provide the Non-Party with a copy of the Stipulated

14   Protective Order in this Action, the relevant discovery request(s), and a reasonably

15   specific description of the information requested; and

16          (3)  if the Non-Party does not have a copy of the information, make the

17   information requested available for inspection by the Non-Party, if requested.

18          (c)  If the Non-Party fails to seek a protective order from this court within

19   14 days of receiving the notice and accompanying information, the Receiving Party

20   may produce the Non-Party's confidential information responsive to the discovery

21   request.  If the Non-Party timely seeks a protective order, the Receiving Party shall

22   not produce any information in its possession or control that is subject to the

23   confidentiality agreement with the Non-Party before a determination by the court.

24   Absent a court order to the contrary, the Non-Party shall bear the burden and

25   expense of seeking protection in this court of its Protected Material.

26   12.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

27          If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

28   Protected Material to any person or in any circumstance not authorized under this

1   Stipulated Protective Order, the Receiving Party must immediately (a) notify in

2   writing the Designating Party of the unauthorized disclosures, (b) use its best efforts

3   to retrieve all unauthorized copies of the Protected Material, (c) inform the person or

4   persons to whom unauthorized disclosures were made of all the terms of this Order,

5   and (d) request such person or persons to execute the "Acknowledgment and

6   Agreement to Be Bound" that is attached hereto as Exhibit A.  Unauthorized or

7   inadvertent disclosure does not change the status of Protected Material or waive the

8   right to hold the disclosed document or information as Protected.

9   13.   <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE</u>

10        <u>PROTECTED MATERIAL</u>

11        When a Producing Party gives notice to Receiving Parties that certain

12   inadvertently produced material is subject to a claim of privilege or other protection,

13   the obligations of the Receiving Parties are those set forth in Federal Rule of Civil

14   Procedure 26(b)(5)(B).  This provision is not intended to modify whatever

15   procedure may be established in an e-discovery order that provides for production

16   without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and

17   (e), insofar as the parties reach an agreement on the effect of disclosure of a

18   communication or information covered by the attorney-client privilege or work

19   product protection, the parties may incorporate their agreement in the stipulated

20   protective order submitted to the court.

21        The inadvertent production by a Party of Discovery Material subject to the

22   attorney-client privilege, work-product protection, or any other applicable privilege

23   or protection, despite the Producing Party's reasonable efforts to prescreen such

24   Discovery Material prior to production, will not waive the applicable privilege

25   and/or protection if a request for return of such inadvertently produced Discovery

26   Material is made promptly after the Producing Party learns of its inadvertent

27   production.

28        Upon a request from any Producing Party who has inadvertently produced

Discovery Material that it believes is privileged and/or protected, each Receiving Party shall immediately return such Protected Material or Discovery Material and all copies to the Producing Party, except for any pages containing privileged markings by the Receiving Party which shall instead be destroyed and certified as such by the Receiving Party to the Producing Party.

Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, addresses, and topic of the inadvertently produced Discovery Material and such other information as is reasonably necessary to identify the Discovery Material and describe its nature to the Court in any motion to compel production of the Discovery Material.

14.    MISCELLANEOUS

12.1    Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.  By stipulating to this Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

12.2    Right to Assert Other Objections.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.  This Order shall not constitute a waiver of the right of any Party to claim in this action or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

12.3    Filing Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material

31

under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.  However, nothing in this section shall in any way limit or detract from this Order's requirements as to Source Code.

12.4   Computation of Time.  The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Federal Rules of Civil Procedure 6.

12.5   Discovery from Experts or Consultants.  Absent good cause, notes and drafts of reports of testifying experts, and reports and other written materials, including drafts, of consulting experts, shall not be discoverable.  Reports and materials exempt from discovery under the foregoing Paragraph shall be treated as attorney work product for the purposes of this case and Protective Order.

12.6   Termination of Matter and Retention of Jurisdiction.  The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Determination of the above-captioned matter.  The Court shall retain jurisdiction after Final Determination of this matter to hear and resolve any disputes arising out of this Protective Order.

12.7   Successors.  This Order shall be binding upon the Parties hereto, their attorneys, and their successors.

12.8   Burdens of Proof.  Notwithstanding anything to the contrary above, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery Material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply.

12.9   Modification by Court.  This Order is subject to further court order based upon public policy or other considerations, and the Court may modify this Order sua sponte in the interests of justice. The United States District Court for the Central District of California is responsible for the interpretation and enforcement of

this Order.  All disputes concerning Protected Material, however designated, produced under the protection of this Order shall be resolved by the United States District Court for the Central District of California.

12.10 <u>Discovery Rules Remain Unchanged</u>.  Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Central District of California, or the Court's own orders.  Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Central District of California, or the Court's own orders.

13.   <u>FINAL DISPOSITION</u>

Not later than ninety (90) days after the final disposition of this Action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material, at the option of the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 90 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material, but must return or

destroy any pleadings, correspondence, and consultant work product that contain Source Code.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14.   <u>VIOLATION</u>

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


DATED  <u>January 27, 2022</u>


<u>/s/ Douglas G. Muehlhauser</u>
Attorneys for Plaintiff


DATED  <u>January 27, 2022</u>


<u>/s/ Heidi L. Keefe</u>
Attorneys for Defendant



FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.


DATED:   <u>January 28, 2022</u>



_____
HON. GAIL J. STANDISH
United States Magistrate Judge

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of
_____ [print or type full address], declare under penalty of perjury
that I have read in its entirety and understand the Stipulated Protective Order that
was issued by the United States District Court for the Central District of California
on [date] in the case of *One-E-Way, Inc. v. Apple Inc.*, United States District Court,
Central District of California, Western Division, Civil Action No. 2:20-cv-06339-
JAK-GJS.  I agree to comply with and to be bound by all the terms of this Stipulated
Protective Order and I understand and acknowledge that failure to so comply could
expose me to sanctions and punishment in the nature of contempt.  I solemnly
promise that I will not disclose in any manner any information or item that is subject
to this Stipulated Protective Order to any person or entity except in strict compliance
with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the
Central District of California for enforcing the terms of this Stipulated Protective
Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of
_____ [print or type full address and
telephone number] as my California agent for service of process in connection with
this action or any proceedings related to enforcement of this Stipulated Protective
Order.

Date: _____

City and State where sworn and signed: _____

Present occupation/job description: _____

Name of Company or Firm: _____

35

Printed name: _____

Signature: _____